## BLOW v. STATE OF INDIANA.

[No. 30,459. Filed February 21, 1968.]

*Edward F. New, Jr.,* Indianapolis, for appellant.

*Noble R. Pearcy,* Prosecuting Attorney, 19th Judicial Circuit, for appellee.

ARTERBURN, J.—This is an appeal from a judgment of the Marion Criminal Court, Division Two, forfeiting a bail bond posted on behalf of the appellant, Harvey Blow, given by Sewell R. Davidson as surety bondsman. Following the forfeiture of the bond for failure of the appellant to appear, the surety bondsman filed a petition to set aside the forfeiture under Acts of 1961, ch. 263, § 10. It is pointed out that the trial court, in its order overruling the petition to set aside the order of forfeiture, stated that the act in question violated Art. 5, Sec. 17 of the Indiana Constitution, which provided in substance that the Governor shall have a right to remit fines and forfeitures under such regulation as may be prescribed by law. It is therefore urged that we have before us a constitutional question, which gives this Court jurisdiction.

There are a number of reasons why this case must be affirmed. It is alleged that the forfeiture should be remitted because the appellant at the time was in the custody of the Federal authorities and could not make an appearance in the state trial court at the time required. However, the evidence, as it appears in the briefs on the hearing on the motion to set aside forfeiture, fails to show any such fact or facts that the appellant, Harvey Blow, was in the custody of the Federal authorities.

It next appears that this is an appeal by Harvey Blow, the defendant below, and not by the surety bondsman, Sewell R. Davidson. The record is quite clear that after the forfeiture was made against the appellant Blow, Davidson, the surety, filed a petition to set it aside, which reads in part as follows:

"Comes now Sewell Davidson, by counsel, and moves the Court to set aside a forfeiture of bail bond herein for the reason that at the time of forfeiture, the defendant, Harvey N. Blow was 'in the custody of a State' to-wit: The United States of America."

After the overruling of the motion to set aside the forfeiture by the trial court, it was not the appellant in this case, Harvey Blow, who filed a motion for a new trial, but the record shows that it was Sewell R. Davidson, bail bond surety, who moved the court for a new trial, which was overruled. The sole error assigned in this case is predicated upon the overruling of the motion for a new trial by the appellant, Harvey Blow, who did not file a motion for a new trial.

For the reasons stated, no question, either constitutional or otherwise, is presented for consideration in this appeal by the appellant, Harvey Blow.

The judgment is affirmed.

Lewis, C. J. and Mote, Hunter and Jackson, JJ., concur.

NOTE.—Reported in 233 N. E. 2d 780.